Filed 5/15/24  P. v. Berry CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Trinity)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>DONALD JOSEPH BERRY,<br><br>Defendant and Appellant. | C098159<br><br>(Super. Ct. No. 07F0018) |

A jury convicted defendant Donald Joseph Berry of second degree murder, corporal injury on a cohabitant, and assault with a firearm.  The trial court sentenced him to 25 years to life in prison.  On direct appeal, this court held it was error to instruct with CALJIC No. 8.51 [causing death while committing a felony or misdemeanor inherently dangerous to human life], but the error was harmless.  (*People v. Berry* (Oct. 9, 2009, C058321) [nonpub. opn.] (*Berry I*).)

1

Defendant now appeals from the trial court's denial of a petition for resentencing under Penal Code section 1170.95 (now section 1172.6).[1] He contends (1) instructing the jury with CALJIC No. 8.51 allowed it to impute malice, and (2) the trial court erred in relying on this court's prior opinion.

Because the record of conviction establishes that defendant is ineligible for relief as a matter of law, we will affirm the trial court order denying the petition for resentencing.

BACKGROUND

In 2007, defendant and the victim were living together on a ranch. One evening, defendant stood over her with a shotgun, and a few hours later she was found unconscious with a badly beaten face. She never regained consciousness and later died. (*Berry I, supra*, C058321.)

At trial, the trial court gave applicable CALJIC jury instructions, including instructions for first degree murder, second degree murder, manslaughter, and involuntary manslaughter. (CALJIC Nos. 1.01, 2.02, 3.31, 8.10, 8.11, 8.30, 8.31, 8.37, 8.40, 17.31.) In instructing on involuntary manslaughter, the trial court explained that an unlawful killing could include a killing committed during an act that was not a felony and was dangerous to human life, and that assault and battery could be predicate crimes for involuntary manslaughter. (CALJIC No. 8.45.) The trial court also instructed the jury with CALJIC No. 8.51, stating: "If a person causes another's death, while committing a felony which is dangerous to human life, the crime is murder. If a person causes another's death, while committing a misdemeanor or infraction which is dangerous to human life under the circumstances of its commission, the crime is involuntary

---

[1] Undesignated statutory references are to the Penal Code. Effective June 30, 2022, the Legislature renumbered former section 1170.95 to section 1172.6 without substantive change. (Stats. 2022, ch. 58, § 10.) We will refer to section 1172.6 in this opinion.

manslaughter." Although the trial court instructed the jury on predicate crimes for involuntary manslaughter, it did not instruct on predicate crimes for murder, and it did not give any more specific CALJIC instruction on the natural and probable consequences doctrine or felony murder, such as CALJIC Nos. 8.21, 8.26, and 8.27 [first degree felony murder], CALJIC Nos. 8.32, 8.33, and 8.34 [second degree felony murder], or CALJIC Nos. 8.34.1 and 8.34.2 [second degree murder under the natural and probable consequences doctrine].

The jury convicted defendant of second degree murder (§ 187, subd. (a)), corporal injury on a cohabitant (§ 273.5, subd. (a)), and assault with a firearm (§ 245, subd. (a)(2)). The jury also found true firearm enhancement allegations (§§ 12022.53, subd. (b), 12022.5, subd. (a)(1)) and a great bodily injury enhancement allegation (§ 12022.7, subd. (e)). The trial court sentenced defendant to 25 years to life in prison. (*Berry I, supra*, C058321.)

On appeal, this court held it was error to instruct with CALJIC No. 8.51, but the error was harmless given that the jury found defendant guilty of corporal injury to a cohabitant and assault with a firearm, both of which required an intentional act that was dangerous to human life. As such, this court reasoned, the element of malice was implied from defendant's intent to assault and inflict corporal injury on the victim, resulting in her death. According to this court, the jury made every finding necessary to convict defendant of second degree conscious-disregard-for-life malice murder, making the CALJIC No. 8.51 instruction and any incidental reference to felony murder harmless. (*Berry I, supra*, C058321.)

In July 2019, defendant filed his first petition for resentencing. In October 2019, the trial court denied defendant's petition, finding that defendant had failed to make a prima facie showing that he was entitled to relief. On appeal, this court affirmed, reasoning the jury had "necessarily found conscious disregard for life malice given their verdicts on the corporal injury and assault with a firearm counts," meaning that the jury

3

had "found that defendant actually killed [the victim] with implied malice." (*People v. Berry* (June 30, 2021; C091103) [nonpub. opn.].)

In June 2022, defendant filed the instant petition for resentencing. At a March 2023 hearing, the trial court said it reviewed defendant's petition, the parties' briefs, and the available record. The trial court said that based on the record of conviction, defendant could still be convicted of second degree murder on a valid theory. According to the trial court, defendant was not convicted under a felony-murder theory, he was the sole participant in the actions leading to the victim's death. Concluding that the jury found the malice required for murder, the trial court denied the petition for resentencing.

DISCUSSION

A

Senate Bill No. 1437 (2017-2018 Reg. Sess.), which became effective on January 1, 2019, "amend[ed] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).)

Senate Bill No. 1437 also added what is now section 1172.6, which allows those convicted of murder under a now-invalid theory of murder to petition the trial court to vacate the conviction and resentence the defendant. (§ 1172.6, subd. (a).) "If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause." (§ 1172.6, subd. (c).)

The prima facie inquiry under section 1172.6, subdivision (c) is limited. (*People v. Lewis* (2021) 11 Cal.5th 952, 971.) The court " ' "takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved." ' " (*Ibid*.) The court may

4

rely on the record of conviction in determining whether defendant has made a prima facie showing, and " 'if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*Ibid*.; see also *People v. Harden* (2022) 81 Cal.App.5th 45, 52 [it is appropriate for a court to deny a defendant's resentencing petition if the record shows the defendant is ineligible for relief as a matter of law].)  Still, the court "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Lewis*, at p. 972.)

B

Defendant argues he is entitled to an evidentiary hearing because CALJIC No. 8.51 permitted the jury to convict him of second degree murder under a felony-murder theory.  But the trial court instructed the jury it could convict defendant of second degree murder only if it found he acted with malice.  (CALJIC Nos. 8.10, 8.30, 8.31.) The instructions defined express and implied malice (CALJIC Nos. 8.11, 8.30, 8.31) and directed that the jury could not find defendant guilty of second degree murder unless there was a union of the charged act with the required intent (CALJIC No. 3.31).

Even if there was a reference to felony murder in CALJIC No. 8.51, the trial court did not instruct the jury on predicate crimes for murder, and it did not give any more specific CALJIC instruction on the natural and probable consequences doctrine or felony murder.  Rather, it specifically instructed the jury that it should consider the instructions as a whole and that not all of the instructions were necessarily applicable.  (CALJIC Nos. 1.01, 17.31.)  We presume the jury understood and followed the instructions. (*People v. Williams* (2009) 170 Cal.App.4th 587, 635.)  The record of conviction establishes that defendant was convicted of second degree murder based on a finding of malice, making him ineligible for resentencing as a matter of law.

Given our conclusion, we need not address defendant's argument that the trial court incorrectly considered this court's opinion in *Berry I*.

5

DISPOSITION

The trial court's order denying defendant's petition for resentencing is affirmed.


                                        _____/S/_____
                                        MAURO, Acting P. J.



We concur:



_____/S/_____
DUARTE, J.



_____/S/_____
FEINBERG, J.